IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL WAYNE COMEAUX, §
TDCJ #1751170, §
 §
      Plaintiff, §
 §
vs. § CIVIL ACTION NO. H-18-0187
 §
STATE OF TEXAS, et al., §
 §
      Defendants. §

### MEMORANDUM OPINION AND ORDER

State inmate Michael Wayne Comeaux (TDCJ #1751170) has filed a handwritten complaint alleging civil rights violations under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) against several prosecutors for their role in the case that resulted in his state court criminal conviction in Harris County Cause No. 1275099. Comeaux has also filed a "Motion of Leave" to pursue his lawsuit in this court (Docket Entry No. 2) and an Application to Proceed Without Prepayment of Fees and Affidavit (Docket Entry No. 3). Because Comeaux is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

I. **Background**

Comeaux is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a 2011 conviction for assault on a family member in Harris County Cause No. 1275099.[1] A jury in the 174th District Court for Harris County, Texas, found Comeaux guilty as charged and sentenced him to 45 years' imprisonment in that case, which was subsequently affirmed on direct appeal. See Comeaux v. State, No. 14-11-00936-CR, 2013 WL 1499577 (Tex. App. — Houston [14th Dist.] April 11, 2013, pet. ref'd). Comeaux challenged his conviction by filing a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254, which was dismissed with prejudice on April 20, 2015. See Comeaux v. Stephens, Civil No. H-14-3519 (S.D. Tex.). The Fifth Circuit summarily denied a certificate of appealability from that decision and the Supreme Court denied his petition for a writ of certiorari. See Comeaux v. Davis, No. 15-20256 (5th Cir. 2016), cert. denied, 137 S. Ct. 632 (2017).

On January 8, 2018, Comeaux executed the Complaint in this case, asserting that his civil rights were violated during his state court proceeding in Harris County Cause No. 1275099.[2] He sues three Harris County prosecutors, including Assistant District

---

[1]See Texas Department of Criminal Justice Offender Information, located at: http://offender.tdcj.texas.gov (last visited Feb. 1, 2018).

[2]Complaint, Docket Entry No. 1, p. 13. For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

Attorney Colleen Gaido, Assistant District Attorney Linda Garcia, and former District Attorney Devon Anderson, who were involved in that proceeding.[3] State District Judge Ruben Guerrero, who presided over the 174th District Court for Harris County when Comeaux was convicted, is listed as an "interested party."[4]

Comeaux's primary claim is that Gaido, with assistance from Garcia and Anderson, used a false or fraudulent indictment to obtain his conviction in Harris County Cause No. 1275099.[5] In doing so, Comeaux contends that the prosecutors violated the Texas Penal Code by tampering with official documents (i.e., the grand jury indictment) and that they engaged in organized criminal activity to procure his wrongful conviction.[6] By convicting him without a valid grand jury indictment, Comeaux seeks monetary damages under 42 U.S.C. § 1983 for the violation of his rights under the Fifth Amendment to the United States Constitution.[7] He argues that the prosecutors should be disbarred and brought up on criminal charges.[8] He also seeks his immediate release from prison.[9]

---

[3] Id. at 6.

[4] Id. at 3.

[5] Id. at 5.

[6] Id. at 6.

[7] Id. at 9-10.

[8] Id. at 13.

[9] Id.

## II. Discussion

Comeaux cannot pursue release from confinement in an action under 42 U.S.C. § 1983 because the sole federal remedy for a prisoner seeking immediate or speedier release from imprisonment is the writ of habeas corpus. See Preiser v. Rodriquez, 93 S. Ct. 1827, 1841 (1973). Comeaux cannot file a second habeas corpus petition because, having already filed an unsuccessful petition under 28 U.S.C. § 2254, any request for habeas relief is barred by the restriction on unauthorized second or successive applications. See 28 U.S.C. § 2244(b).

Comeaux cannot seek to have the prosecutors criminally charged or disbarred in a civil action under 42 U.S.C. § 1983. It is well established that "the Texas Penal Code does not create a private right of action." Gipson v. Callahan, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997) (citing Aguilar v. Chastain, 923 S.W.2d 740, 745 (Tex. App. — Tyler 1996, writ denied)). Likewise, there is no constitutional right to have someone criminally prosecuted or to have a lawyer disciplined. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990); see also Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (explaining that a private citizen has no standing to have a lawyer disciplined or criminally charged); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (neither a member of the public at large nor the victim has a right to have another criminally prosecuted).

Comeaux cannot recover monetary damages from the prosecutors assigned to his case because they are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating and pursuing a criminal prosecution. See Van de Kamp v. Goldstein, 129 S. Ct. 855, 861 (2009) (referring to functional tasks "intimately associated with the judicial phase of the criminal process"); see also Imbler v. Pachtman, 96 S. Ct. 984, 995 (1976) (holding that prosecutors are absolutely immune from a civil suit for damages for initiating a prosecution and in presenting the state's case). Obtaining an indictment is one such task. See Buckley v. Fitzsimmons, 113 S. Ct. 2606, 2615 (1993) (emphasizing that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity").

Comeaux cannot otherwise recover money damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). Court records confirm that the challenged conviction has

not been set aside or invalidated. Therefore, Comeaux's civil rights claims are not cognizable under 42 U.S.C. § 1983. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met"). Accordingly, his Complaint will be dismissed with prejudice as legally frivolous and for failure to state a claim under 42 U.S.C. § 1983.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Application to Proceed Without Prepayment of Fees filed by Plaintiff Michael Wayne Comeaux (Docket Entry No. 3) is **GRANTED**.

2. Officials at the TDCJ Inmate Trust Fund are directed to deduct the filing fee for indigent litigants ($350.00) from the Inmate Trust Fund account of Michael Wayne Comeaux (TDCJ #1751170) in periodic installments pursuant to 28 U.S.C. § 1915(b), and forward those funds to the Clerk of Court until the entire fee is paid.

3. Comeaux's Complaint under 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED with prejudice** and will count as a strike for purposes of 28 U.S.C. § 1915(g).

4. Comeaux's Motion of Leave (Docket Entry No. 2) is **DENIED as moot**.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Memorandum Opinion and Order to**

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Three Strikes List at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 2nd day of February, 2018.

```
                     SIM LAKE
            UNITED STATES DISTRICT JUDGE
```